UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | CR. NO. 1:25-CR-259 |
| | : | |
| v. | : | (Judge Mehalchick) |
| | : | |
| **AMIRE CHAVERS,** | : | |
| Defendant. | : | |

FILED
HARRISBURG, PA

**INDICTMENT**

OCT 08 2025

PER _____
DEPUTY CLERK

THE GRAND JURY CHARGES:

**COUNT 1**
18 U.S.C. § 922(o)
(Illegal Possession of a Machine Gun)

On or about January 28, 2025, in York County, within the Middle District of Pennsylvania, the defendant,

**AMIRE CHAVERS,**

did knowingly possess a machinegun, that is, a 9mm Black Privately Made Firearm with autosear.

In violation of Title 18, United States Code, Sections 922(o) and 924(a)(2).

THE GRAND FURTHER JURY CHARGES:

## COUNT 2
18 U.S.C. § 922(g)
(Possession of a Firearm by a Prohibited Person)

On or about January 28, 2025, in York County, within the Middle District of Pennsylvania, the defendant,

**AMIRE CHAVERS,**

knowing he had previously been convicted of a crime punishable by imprisonment for a term exceeding one year, knowingly possessed a firearm, 9mm Black Privately Made Firearm with autosear, and the firearm possessed was in and affecting interstate commerce.

All in violation of Title 18, United States Code, Sections 922(g)(1) and 924(d)(1).

## FORFEITURE ALLEGATION

1. The allegations contained in Count 1 of this Indictment are hereby re-alleged and incorporated by reference for the purpose of alleging forfeitures pursuant to Title 21, United States Code, Section 853; Title 18, United States Code, Section 924(d); and Title 28, United States Code, Section 2461(c).

2. Upon conviction of the offenses in violation of Title 18, United States Code, Sections 922(o) set forth in Count 1 of this Indictment, the defendant,

### AMIRE CHAVERS

shall forfeit to the United States pursuant to Title 21, United States Code, Section 853; Title 18, United States Code, Section 924(d); and Title 28, United States Code, Section 2461(c), any property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of such offenses; any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, the offenses; and any firearms and ammunition involved in the commission of the offenses. The property to be forfeited includes, but is not limited to, the following:

    a. A 9mm Black Privately Made Firearm and associated ammunition.

3. If any of the property described above, due to any act or omission of the defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c.    has been placed beyond the jurisdiction of the court;

    d.    has been substantially diminished in value; or

    e.    has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c).

All pursuant to 21 U.S.C. § 853, 18 U.S.C. § 924(d), and 28 U.S.C. § 2461(c).

A TRUE BILL

JOHN C. GURGANUS
Acting United States Attorney

FOREPERSON

MARK G. MONROE
Special Assistant U.S. Attorney

10/8/25
Date

4